is Lawrence Lennon against City of Carmel, Indiana. Mr. Bielski. Good morning, Your Honor. May it please the Court, as you mentioned, my name is Ed Bielski. I represent the appellants and plaintiffs in this matter, Lawrence Lennon et al. As the Court is aware, there are two sets of defendants in this action. The first is the driving record defendants. The second are the Carmel defendants. I'll be trying to address two different topics under each group of defendants. For the driving record defendants, the plaintiffs will be at first addressing the plaintiff's standing with relating to the driving record claims. The second topic is the constitutionally protected liberty and property interests. Plaintiffs had accurate driving records that only list judgments and convictions as directed by Indiana law. So I have a question for you. This ordinance of the city, Section 8-2, takes the short route, right? It incorporates by citation all these Indiana traffic laws. Suppose instead of incorporating by citation, somebody, you know, who's good with computers, had just done a drag, a cut and paste, and just pasted into the Carmel ordinance all of the language of all of the relevant Indiana laws. At that point, it would all be right there. Why wouldn't that be fine? In that situation, if the actual language in the law was there, I think there would be a slight problem in that you would have 300 different statutes listed. But I think in that situation... So some statutes are long, you know. In that situation, there would be language in the actual statute that someone could look at and say, oh, there's what I did wrong. And so why isn't really that this case? There's the citation. The traffic tickets themselves don't just say you violated 8-2. They say you were speeding or you improperly passed on the left or whatever it is that people did. I don't see any federal constitutional interest in the way Carmel, Indiana, decided to inform people of their traffic violations. Well, there's a couple of problems with that, Your Honor. First of all, it assumes that speeding is just one issue or passing on the left is just one issue. We've identified specifically passing on the left, which, by the way, is the way we're supposed to pass under the rules of Indiana. But we've identified 16 different statutes that that could actually be. But the plaintiffs haven't contested that they violated anything. They paid their fines. They didn't take an appeal. How are we supposed to react to this? Well, in terms of that, Your Honor, you have to react to it as paying the fine being just what the statute says. There's lots of reasons people can pay a fine. You can pay a fine just because you don't want to have to go to court. But in law, if you don't object in some understandable way to an adverse adjudication, then that's taken to be the end of the discussion. You violated the thing that you didn't object to. No, Your Honor. I disagree with that for the following reasons. First of all, we're not trying to overturn the actual conviction. Well, you keep saying that, but all of your relief, this really concerns me. Everything you're asking for, just about, depends on the underlying conviction being wrong. It's wrong because there's no due process, you say, because you don't know exactly the behavior you engaged in that violated the law. You're saying that it's wrong because this ordinance wasn't written in the correct way. I don't see how the underlying violation can be teased out of your argument. The fines, you want the money back that you paid? No, Your Honor. We didn't address that. The issue becomes that if you look at cases like KCB. And you want records expunged? Well, there's nothing to expunge if you aren't contesting the underlying violation. We want the records to reflect the actual judgment that was entered. In this case, the actual judgment can't be anything more than the language in the ordinance as a matter of law. How could you possibly report something that wasn't in the statute or the ordinance? But it is in the statute by reference. Your Honor. Are you telling me that no Indiana statute refers by citation to any other Indiana statute? There might be that case. But in that situation, there would actually be a way to identify that pinpoint statute. It wouldn't be identifying 300 statutes that you have to go spelunking into to find out what you did wrong or what kind of. But the ticket tells you what you did wrong. You guys didn't even want the tickets in there. In this situation, the ticket didn't tell you precisely what you did wrong because there's nothing in that ordinance that identifies any element of the claim against you. Your Honor, when you're talking about speeding, for example, there are 43 different statutes that reference that. When you're talking about turning, there are 16 different statutes referencing that. Why didn't they object then? Why didn't they take an appeal after they were? Because actually it turns out that Mr. Maruman, who does take an appeal, gets relief in the Indiana courts. But he doesn't take an appeal based upon the constitutional issue. It doesn't matter. He argues that this Carmel ordinance exceeds the boundaries that Indiana's home rule laws impose. The Indiana Court of Appeals says, yep, you're right. This is not correct. And he obtains relief that way. Right. In terms of their appeal, for a 1983 claim, they're not required to take an appeal because you don't have to exhaust your remedies in a state court level to take an appeal or to bring a 1983 claim. Well, but that's a little simplistic because if what you're saying is that the state has not established a proper set of procedures, then it's relevant to look at the procedures the state makes available to you. Right. But in this situation, we're not focusing on the fact that they didn't identify the procedures. We're talking about we specifically alleged in this case that the way it was handled and the procedures addressed in this particular court as a practical matter took away some of the appellate problems. In this situation, they had specific procedures and policies within the court so that you couldn't effectively question the constitutional nature of the claims against you. Because then, if you did, they just changed it to a state claim. It just seems like a frivolous constitutional claim to me, to be honest, because of the fact that this is really just an intramural Indiana thing about whether it's in the state law or the local law. Actually, Your Honor, I strongly disagree. We do not claim that this is a state law-based violation. This is a constitutional violation. I'm saying the traffic violations. Had the traffic violations been enforced by Indiana state troopers, then I don't think you would have had anything to say. Your Honor, you're correct. If the issue was handled in a constitutional manner and somebody could have… But it would have been the same laws and the same tickets and the same everything. It just wouldn't have been written by Carmel police officers. No, Your Honor. In this situation, there is no state law identified on the ticket. There is no state law identified that identifies specific elements of a claim that you can defend against. There's nothing on there. There is no conduct. There's no conduct being prohibited. And there is no claim. We can't have a situation where the courts or the police are allowed to ticket you for something without a specific law. That's basic due process. So maybe you need to back off and talk a little bit about Rooker Feldman. Okay. Because I'm very concerned that it bars our authority over a great deal of your case. Maybe not everything, but a lot of it. And, Your Honor, the… So how about the abstract claims, as the district court called them? The claims about the records that get sent over to the Department of Motor Vehicles and they rest on the notion that there's been a conviction. Even if there's a problem with the conviction, Rooker Feldman says that your avenue to address those kinds of problems is in the state courts. Federal courts don't have appellate jurisdiction over state court judgments. If you are looking to overturn the state court judgment, I would agree. But you don't want them recorded in the Department or Bureau of Motor Vehicles. And so the only reason you would have the right for them not to be recorded is if they're flawed somehow. No, Your Honor. In this situation, this is not a conduct law. Okay? No one was charged with a conduct law, no one admitted to violating a conduct law, and no one was convicted of conduct law. I don't even know what you mean by conduct law. Well, conduct is you can't do this or you must do this. Right. You have to drive at 55 miles an hour on the highway. Sure. And here's the problem, Your Honor. Fifty-five miles an hour was not in the law that is at issue. It was not that specific law. Whichever of the 43 different statutes that reference speeding was not there. We specifically read. But, see, this is, you're confusing, I think, a vagueness challenge to the convictions, which the Indiana courts are competent to adjudicate, to, you're confusing that with the idea that you have somehow an independent claim. All you're telling me is that you have what your clients believe to be a solid reason for attacking these convictions. But the right place to do that is not in a federal court. Your Honor, in this situation, we're attacking with regard to the prejudgment claims. I'm talking about the abstract claims right now. Okay. The abstract claims, our position is if you're going to report them, you have to actually report them based upon what the law that you... So that's a state law issue. A thing happened in the state courts, the adjudication of violations. Maybe it shouldn't have happened. Maybe the law was vague. Maybe it should have had the whole thing in there. There are a lot of things that you could say. But a thing happened. An adjudication happened in state court. That event is now going to be recorded by the Bureau of Motor Vehicles. And you don't want it to be recorded because you think there's a problem with the way the event occurred. No, Your Honor. We believe that the reporting is the problem. Not the event. The reporting. But there's no discretion about that. There's an adjudication. And they need to make a record of that. Right. And if they're going to make a record, it should actually be reflecting the... You're saying they can make a record only of adjudications that you think are valid, but you're asking the federal court to do an end run and assess the validity. No, Your Honor. Yes, you are. You need to make a record of the actual judgment that was entered. That is the only discretion that the court has. They can't make a record of something that wasn't in the actual judgment. In this situation, the judgment is an 8-2 judgment, and that's it. In this situation, when you're talking about the abstracts, no one was convicted of anything that involved conduct, and yet the abstracts are reporting specific conduct that isn't referenced in any way, shape, or form in the actual law that they were convicted under. All right. I mean, I understand this bizarre theory of yours, but it's... I guess I'm confused as to why it's a bizarre theory because it is effectively due process. There has been no adjudication over the specific action and conduct that is specifically referenced in the actual SR-16 report. I see that I'm into my time. Okay. You can save your rebuttal time if you like. So are you Mr. Hunter? I am. All right. So you're here for the Bureau of Motor Vehicles. Yes. May it please the Court. I'm Kyle Hunter from the Indian Attorney General's Office. I'm representing the driving record defendants in this case. And I think the distinction that the appellants try to make between the record and the conviction is a false distinction. Indiana Code 930.13.0.5 describes what these records are, and these records are certified records of conviction. And so any attempt... So it doesn't distinguish between an 8-2 conviction and a conviction under some other state or local Indiana law? No. This is for either a state law or a local ordinance, that certified record is the same kind of certified record that gets sent. Are these traffic courts courts of record? They are not. No. So in this case, the challenge that he's making is a challenge to the underlying judgment, and Rooker-Feldman plainly applies here. And this is the case, just as addressed in the Supreme Court in Saudi Basic, this is a case where a state court loser is complaining about the results and the injuries caused by a state court judgment and asking the federal courts to overturn that. So here's one problem with Rooker-Feldman for you. A Rooker-Feldman dismissal is essentially a jurisdictional dismissal. It's something that says the federal court was the wrong place to go. But those are dismissals without prejudice, because as far as the federal court is concerned, if there is some remedy still available under state law, it's fine with the federal court for the parties to pursue that remedy. We have nothing to say about it. It's a matter of state law. And it looked to me as though this was a dismissal with prejudice, which sounds like maybe it's a mistake. So inasmuch as they had state law claims that they could bring, they could still bring them in state law? Well, I know that the supplemental claims were dismissed without prejudice, but I'm saying a general, if you look at any Rooker-Feldman case, it's properly a Rooker-Feldman case, that's a dismissal without prejudice, because of course a dismissal with prejudice would probably be regarded by an Indiana state court as claim preclusive on the matter addressed, whereas a dismissal without prejudice would not be. So it could make a difference to the plaintiffs. Yes, inasmuch as the judgment would preclude it, it would probably be an error. But here I think the district court properly dismissed subject matter jurisdiction over this case. What's clear again is that the plaintiffs are seeking to overturn their state court judgments. The district court also properly found. Now they keep saying over and over again that they're not doing that. They're aware that Rooker-Feldman is a problem, clearly. They keep saying, no, we don't want to overturn the state court judgments. We just maybe don't want them recorded in the Bureau of Motor Vehicles, or we don't want other consequences. And I think the language of Saudi Basic is instructive here, because what Saudi Basic says is that the losers are complaining of the injuries caused by the state court judgment. And so the injuries in this case, inasmuch as they claimed a specific injury, the injuries in this case are because of the fact of their judgment. Any increase in an insurance premium would be because of the fact of the judgment. Points on the license, et cetera. Yes, and that depends on the facts of the judgment. And so in this case, whether it's through standing or whether it's through Rooker-Feldman, under either of those principles, the district court properly found that it lacked subject matter jurisdiction. Are there no other questions? No, that's fine. I hear from your colleague. Mr. Rusthoven, by process of elimination, I'm assuming you represent Carmel. Yes, and for the record, it is California that is Carmel and in Indiana it's Carmel. Oh, Carmel. Oh, I'm sorry. I'm not from Indiana. I've now adequately represented my clients. The Carmel defendants are the city, its mayor, members of its city council, its city attorney, et cetera. The district court did a nice job of categorizing this. We have two sets of plaintiffs, so-called adjudication plaintiffs. They have judgments against them. So-called deferral plaintiffs who enter deals where they wouldn't get a judgment precisely so that later, if they didn't do anything wrong, it wouldn't be reported. With respect to the adjudication plaintiffs, I mean, that is straightforward Rooker-Feldman. As classic Rooker-Feldman, there is no relief that has been sought that can be granted without effectively invalidating these convictions. Also, and Your Honor alluded to this, there is no claim that they have advanced in this case that could not have been made on appeal of those judgments if they had chosen to do so. With respect to the- So what are we to make of that? I mean, these judgments are sitting there. They're traffic court adjudications, it looks like. And nobody in the adjudication group does anything about it. I mean, there they are. So is that really the end of the line for them? Well, I think it is the end of the line, although they choose to end the line in other ways as well. I think the district court is correct that they effectively abandoned any claim relating to the judgments because, you know, Judge Magnus Stimson kept saying, you've got a Rooker-Feldman problem here, you've got a Rooker-Feldman problem here. And they said, no, no, no, we're just talking about the prejudgment activity. So that would include any claim to the effect that we don't understand what Section 8-2 incorporates- Correct, you can certainly erase that. Or we don't understand what kind of speeding offense we committed. You know, Mr. Merriman brought it up under the Home Rule Act. I suppose Mr. Merriman could have raised all these other issues too. There's no question these plaintiffs could have. I think it's an interesting question on the dismissal with prejudice with respect to- going through the metaphysics of this case. I would point out the district court found its adjudication plaintiffs had asked for their judgment-based claims. They abandoned them. So I think that's prejudicial before we even get to Rooker-Feldman. So the only thing that is sort of Rooker-Feldman- That's almost without- are you saying that that's dismissed for one of prosecution or something? I'm not sure what abandonment takes us to. Oh, it would be sort of like you made no cogent argument in favor of this claim and so I don't have to deal with it. But I confess- But if there's no jurisdiction, we can't really say, oh, what the heck, you know, let's do it on the merits. And I would say that there's not a lot of concern in this case about whether it's with prejudice or without prejudice on these state claims because if you tried to bring any of these claims in state court- and by the way, these judgments are totally valid. The subsequent invalidation of that statute does not affect the validity of any conviction beforehand. These judgments are totally valid. So if you're going to come in and say, oh, no, you shouldn't have done this, you shouldn't have done that, I'm quite confident Indiana- any Indiana court is going to say, well, I think you had a chance to raise that. Yeah, I wondered if they would just say either, you know, you waived your chance to complain or you're now too late or- Right. There's any number of reasons. On the deferral plaintiffs, you know, venturing into interesting areas, there's kind of an argument that this may be Rooker-Feldman as well because a deferral is a statutory procedure whereby you avoid the judicial process and you're not allowed to appeal it. But we don't have to go there because, first of all, to the extent they're making adjudication claims, they don't have any if they're saying there was no judgment. And second, what are the allegations? There is not a single allegation about any of these so-called pre-judgment activities that is tied to the conduct of any defendant. Every one of them is a generic defendant's stated conclusion of law. Also, virtually all of these allegations are introduced by discovery will show or it's believed discovery will show. I mean, you know, the federal- Well, your opponent does make a good point, though, with-I mean, with pleading. We don't allow discovery until after- Correct. The pleading has survived a 12b6 motion or, you know, something of the sort. And so people are-sometimes they say on information of belief, you know, sometimes they-I mean, isn't that really what they're saying, discovery will show? You know, we have done enough investigation to believe that the following facts are going to be- I don't think that what you just said is in those complaints, and this is the fourth shot they had at it. I don't think there's anything in there that says we've done enough investigation that this is true. Every one of them says that it believed, reasonably believed, we think. You know, basically, you know, the federal courts, you know, are not a sort of private special counsel statute where you've got a problem, let us in here, turn us loose on discovery, we'll find something. I mean, if this complaint satisfies Bell v. Twombly and Ashcroft v. Iqbal's standards in terms of these kinds of allegations, it is very difficult to imagine what would not. I was just thinking of the language of Rule 11. I mean, obviously, Rule 11 requires that before you sign a pleading, before you bring something in, you have to have done what's available. Sometimes, of course, you need information that's in the possession of the other side, and there's nothing you can do about that. You have to work around it. But you do what investigation is reasonable, and without even spelling it out, that's understood to be the representation you're making when you sign your name on the complaint. I think that is the representation. There was actually an attorney's case point we made that we're not raising here on appeal. But I don't think the law is you advance this complaint, whose words do not allege anything against any specific defendant. You advance this complaint. Well, that's a separate problem. But I don't think the rule is by virtue of Rule 11, we presume you've done some investigation that supports this. I don't think that's the rule here. The last thing I would say is, and Your Honor got this, what is the constitutional violation here? Let me pose this hypothetical. It's not that hard a hypothetical. The case might have gone the other way. This statute was set aside under the Home Rule Act on the grounds that you aren't allowed to do this under the Home Rule Act. What if Indiana law permitted you to do it under the Home Rule Act? Then we wouldn't be here at all. And what would be the federal constitutional claim? I mean, are you going to order the state to comply with state law? We know a whole doctrine that forbids that. With that said, Your Honor, I think this does fail to say it's payment Judge Magnus Simpson was quite patient and gave many opportunities, and those opportunities were not taken advantage of. Thank you, Your Honor. I would just want to add, I'm pleased to end my career, not ending my career, but that my career would not end without having a case where the word abstract was not used in a metaphysical sense. Exactly. All right. Mr. Bielski. I want to address just a few issues, Your Honor. There was a mention of the notion that isn't this the end of the line if you don't appeal? Well, one of the issues that the Court has to address is the Supreme Court's decision in Hess and the Spencer case, which followed it, in terms of what Judge Souter and Judge Ginsburg ultimately said in their concurring opinions relating to claims that can be brought even after a judgment or even after the issue is resolved. When due process or other claims are discovered, you can bring a 1983 claim if you've already served your sentence, for example, or in this case if it's a small fine. But there's also, of course, the line of cases that say due process doesn't exist just in the abstract for its own sake. There has to be some underlying constitutional interest. Right. And in this situation, we believe there is a protected liberty and property interest in the same sense that you have a liberty and property interest in your driver's license. Certainly accurate driving records are certainly crucial to that aspect. And certainly in the liberty interest, we have an interest in reputation, good name, honor, and integrity. But Paul v. Davis makes those very hard to pursue without additional consequences. Absolutely, Your Honor. It has to be reputation plus. And in this situation, that means there has to be some altered rider status that's protected by Indiana law. In this situation, there's clearly an altered rider status because your driving record has changed. You have points. You have black marks. You have insurance issues. There is a change in your status. All of which depend on the underlying conviction, I can't resist adding. Right. And in this case, the underlying, I guess the question is, Your Honor, what's the underlying conviction? And I would just propose this notion, okay? If someone pays a ticket, just pays it, where the only thing they have is this statute, which says absolutely nothing. Certainly, they did not admit to issues that weren't contained in the actual words of the statute. I'm not so sure that's so obvious. How could they possibly admit to something that isn't in the words of the statute? That seems to defeat all issues of due process. You can't be convicted unless it's in the words of the law that you were convicted under. You can't just say you violated the code. You violated something in there. Go figure it out. In our families, Your Honor, we can sit there and say, You know what? You know what you did wrong. But in the law, in courts, when we're being charged, and I'm out of time. If I can finish just my sentence. You may finish. You actually need to say exactly what you did wrong. Thank you. All right. Thank you very much. Thanks to all counsel. We will take this case under advisement.